UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13171-RGS

ROBERT ODEN

v.

UNITED STATES ADJUSTERS, INC.

MEMORANDUM AND ORDER
ON DEFENDANT'S
MOTION TO DISMISS

March 7, 2014

STEARNS, D.J.

Plaintiff Robert Oden hired defendant United States Adjusters (U.S. Adjusters) to assist in filing a claim of loss with his insurer, Vermont Mutual Insurance Company (Vermont Mutual).  After several failed attempts at settlement with the insurer, Oden brought this lawsuit alleging that U.S. Adjusters, negligently and in breach of contract, failed to call his attention to a provision in his Vermont Mutual homeowner's policy requiring legal claims to be brought within two years of the date of loss.  U.S. Adjusters now moves to dismiss the Complaint.

BACKGROUND

Oden resides in Onset, Massachusetts.  U.S. Adjusters is a public insurance adjuster incorporated in Florida with its principal place of business

in Coral Springs, Florida. As advertised, U.S. Adjusters represents the insured in dealings with the insurer over claims. On August 28, 2011, the roof of Oden's home collapsed. Oden's Vermont Mutual homeowner's policy provided coverage of $383,500.00 for his home, $268,450.00 for personal property, and $76,700.00 for loss of use. Vermont Mutual made an immediate payment of $53,788.56 to Oden for essential repairs, while Oden paid an additional $55,000 from his own funds. Following the repairs, Oden and Vermont Mutual became embroiled in a disagreement over the fair market value of the loss.

On April 24, 2013, Oden entered into a written contract with U.S. Adjusters. The contract specified that U.S. Adjusters would "assist in the preparation, presentation and adjustment of all applicable claims for [ ] loss or damage," in return for a contingency fee amounting to 10% of any insurance collected. U.S. Adjusters investigated the damage to Oden's home from April 24 to April 30, 2013, and sent a demand letter to Vermont Mutual seeking $124,894.69 in satisfaction of Oden's claim. Vermont Mutual never responded with a counteroffer and no agreement was ever reached. On August 28, 2013, the day the policy's limitations period expired, U.S. Adjusters mailed Oden a letter declaring their contract "null and void from this point forward." No explanation was offered nor was the two-year claims limitations period

mentioned. This lawsuit followed.

## STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two basic principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. A claim is facially plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436,442 (1st Cir. 2010).

## DISCUSSION

U.S. Adjusters argues in the first instance that any warning that it might have given Oden regarding the two-year limitations period would have "impact[ed] his legal rights," putting U.S. Adjusters in the position of giving "legal advice" in violation of Massachusetts law prohibiting the unauthorized

3

practice of law. *See* Mass. Gen. Laws, ch. 221, § 41. The argument is ingenious, but the suggestion that an insurance adjuster (holding itself out to be "more experienced and versed in the insurance industry then [sic] most") would require a legal education and a law degree to read a commonplace provision in an insurance policy is risible.[1] *See Real Estate Bar Ass'n for Mass., Inc. v. Nat'l Real Estate Info. Servs.*, 459 Mass. 512, 528 (2011) ("Insurance policies are examples of those types of common contractual instruments fraught with substantial legal consequences that in the course of recognized occupations other than the practice of law are often drawn by laymen for other laymen.") (internal quotations, citation, and alterations omitted).  Pointing out an unambiguous limitations provision to a policyholder, without more, does not require the application of a "legal judgment to address a client's individualized needs," *id.* at 517-518, and thus does not constitute the unauthorized practice of law.

But there is more.  The "About Us" blurb on U.S. Adjusters' website states that "[o]ur nationwide team includes structural engineers, forensic

---

[1] Although the two-year limitations provision in Oden's homeowner's insurance policy mimics the statutory two-year limitations period for legal actions against insurers, *see* Mass. Gen. Laws ch. 175, §99, the restriction could be ascertained completely from the contract and did not require reference to the statute.

accountants and *attorneys on retainer that are ready and willing to advise you immediately of any limitations* and/or exclusions that may be applicable to your policy, *which may limit recovery of your claim*." (emphasis added).[2] The page further states that when a customer hires U.S. Adjusters, he "receive[s] the benefits to [sic] our legal sources."  Finally, a "FAQ" blurb on the website trumpets that "[i]t is never too late to place a claim, as long as it is within your States [sic] limit of time to reopen claims" and then gives examples of statutes of limitations in two states.  It is, at the least, disingenuous for U.S. Adjusters to feign inability now to provide the very services that it advertises.

The next arrow in U.S. Adjusters' quiver is the argument that it cannot be liable on a theory of negligence because it did not owe Oden a duty to advise him of the claims limitation period.  While a strong argument can be made that U.S. Adjusters nonetheless assumed such a duty, as a matter of law,  U.S. Adjusters as Oden's agent owed him a duty of competent representation that is no different than the one owed by an adjuster to an employer-insurer. *See Bockser v. Dorchester Mut. Fire. Ins. Co.*, 327 Mass. 473, 478 (1951) (public

---

[2] The authenticity of the pages taken by Oden from U.S. Adjusters' website is not contested. *See Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993).

adjuster hired by an insured is an agent of the insured); *Chubb & Son Inc. v. Consoli*, 283 A.D. 2d 297, 298-299 (N.Y. App. Div., First Dep't 2001) (same; public adjusters are not exempt from general agency principles). An agent owes its principal a fiduciary duty of utmost good faith and absolute loyalty; the agent must act *solely* in furtherance of the principal's interest, even at the expense of its own in matters connected with the agency.[3] *Gagnon v. Coombs*, 39 Mass. App. Ct., 144, 154 (1995). Also included in this duty is the obligation "to make full disclosure to the principal of all material facts relevant to the agency" and to "use reasonable efforts" to keep the principal informed of any developments relating to its representation of him that he would desire to know. *Id.* at 156 (internal quotations and citations omitted).

---

[3] To be clear, Oden's claims are against his own adjuster, not one hired by Vermont Mutual. A majority of courts have held that an insured may not bring a negligence claim against an independent insurance adjuster engaged by the *insurer*. *See Koch v. Bell, Lewis & Assocs., Inc.*, 627 S.E. 2d 636, 638-639 (N.C. Ct. App. 2006) (citing cases). The rationale behind this rule is that because "the relationship between an independent adjuster and an insurer is contractual, the adjuster is subject to the control of the insurer to which it owes a duty. In contrast, an independent adjuster has no contractual duties to an insured." *Id.*; *see also Hamill v. Pawtucket Mut. Ins. Co.*, 892 A.2d 226, 231 (Vt. 2005) ("[T]he insurer contractually controls the responsibilities of its adjuster and retains the ultimate power to deny coverage or pay a claim. Subjecting adjusters to potential tort liability from insureds could create conflicting loyalties with respect to the adjusters' contractual obligations, given that insureds and insurers often disagree on the extent of coverage or the amount of damages.").

Here, U.S. Adjusters agreed to represent Oden in prosecuting his claim against Vermont Mutual.  Oden alleges that during the four months of their relationship, U.S. Adjusters "handled all dealings" with Vermont Mutual, causing him "no reason to believe that anything was wrong" until shortly after August 28, 2013, when he received the "null and void" letter from U.S. Adjusters.[4]  U.S. Adjusters' alleged failure to warn of the drop dead date and its precipitous abandonment of Oden on the day the limitations period expired more than adequately support a claim of negligent representation on the part of U.S. Adjusters.[5]  *See Home Ins. Co. v. Columbia Ins. Agency, Inc.*, 5 Mass. App. Ct. 621, 622 (1997).[6]

---

[4]  In his reply brief, Oden suggests that U.S. Adjusters erroneously calculated the date of loss and then attempted to cover up the fact that his claims were time-barred.  *See* Def.'s Exs. A & B, listing date of loss as August 28, 2012, instead of 2011.

[5]  The economic loss doctrine does not bar recovery in claims of negligence against a fiduciary.  *See Clark v. Rowe*, 428 Mass. 339, 342 (1998); *see also Szulik v. State St. Bank & Trust Co.*, 935 F. Supp. 2d 240, 271 (D. Mass. 2013) ("A defendant may be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations, or when it has engaged in tortious conduct separate and apart from its failure to fulfill its contractual obligations.") (internal quotations, citation, and alteration omitted).

[6]  U.S. Adjusters also argues that Oden has not suffered any damages because he may pursue an action for unfair and deceptive practices against Vermont Mutual under Mass. Gen. Laws ch. 176D and ch. 93A, which carry a statute of limitations of four years, not the two-year limitation contained in his homeowner's policy.  *See Schwartz v. Travelers Indem.*, 50 Mass. App. Ct.

With respect to Oden's claims for breach of contract and breach of the
covenant of good and fair dealing, U.S. Adjusters argues that the contract
obligates it only "to assist in the preparation, presentation and adjustment" of
Oden's claim and not to monitor limitations deadlines.  U.S. Adjusters is
therefore correct that, by the explicit terms of the contract, Oden cannot state
a viable claim under either theory.[7]  It is possible that extrinsic evidence exists
(which cannot be considered on a motion to dismiss) to support Oden's claim
that more was promised to him than the barebones undertakings of the two-
paragraph contract.  This possibility is bolstered by the offer on U.S. Adjusters'

---

672, 677 (2001).  As an initial matter, U.S. Adjusters makes no attempt to
explain why Oden must first file a lawsuit against his insurer before bringing
a claim against his adjuster. Moreover, Oden asserts that Vermont Mutual has,
at all times, acted in a "fair and reasonable" manner and that there is no factual
basis for bringing a claim under either statute.

[7] In support of the theory that U.S. Adjusters' breached the covenant of
good faith and fair dealing, Oden argues that the contract explicitly granted
only to him the right –and not U.S. Adjusters – of unilateral termination. This
may be true, but the covenant of good faith an fair dealing "may not be invoked
to create rights and duties not otherwise provided for in the existing
contractual relationship, as the purpose of the covenant is to guarantee that the
parties remain faithful to the intended and agreed expectations of the parties
in their performance."  *Uno Restaurants, Inc. v. Boston Kenmore Realty
Corp.*, 441 Mass. 376, 385 (2004); *see also See T. W. Nickerson, Inc. v. Fleet
Nat'l Bank*, 456 Mass. 562, 571 (2004) (the scope of the covenant of good faith
and fair dealing is "only as broad as the contract that governs the particular
relationship," it cannot "create rights and duties not otherwise provided for in
the existing contractual relationship.") (internal quotations and citations
omitted).

web site of services beyond those that are specified in Oden's contract, i.e.,
engineering, accounting, and legal, and is plausible enough to warrant
dismissing the contractual claims without prejudice pending further discovery.

ORDER

For the foregoing reasons, United States Adjusters' motion to dismiss
Oden's negligence claim (Count I) is <u>DENIED</u>. United States Adjusters' motion
to dismiss Oden's claims for breach of contract (Count II) and breach of the
covenant of good faith and fair dealing (Count III) is <u>ALLOWED</u> without
prejudice.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE